IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH EDWARD LAWRENCE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | CV 15-0041-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Petitioner Joseph Lawrence has filed a Motion to Proceed without Paying Filing Fees (Doc. 1) and a Complaint for Violation of Due Process and Structural Error/Defect Causing Actual Innocence (Doc. 2).[1] The Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a).

Indigent litigants may proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). "A district court may deny leave to

---

[1] Pursuant to the Federal Rules of Civil Procedure, a plaintiff can commence a civil action only by filing a complaint with the Court. Fed.R.Civ.P. 3. The undersigned will liberally construe Mr. Lawrence's filing as a civil complaint.

1

proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Mr. Lawrence's application should be denied because his allegations are frivolous.

Mr. Lawrence is a prisoner proceeding without counsel. The named Defendant is the State of Montana. Mr. Lawrence seeks relief from what he alleges is illegal imprisonment by the State of Montana under a void judgment. He contends that the same judge who issued the information against him also presided over his criminal proceedings. He alleges this is a due process violation and a gross miscarriage of justice.

Mr. Lawrence's claims are frivolous because they are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

[W]hen a state prisoner seeks damages in a section 1983 suit, the

2

> district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated. But if the district court determines that the
> plaintiff's action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff,
> the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

However Mr. Lawrence frames his arguments, he is attempting to challenge his criminal conviction, which is currently on appeal to the Montana Supreme Court.[2] A determination in this Court regarding whether any of Mr. Lawrence's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions. As none of Mr. Lawrence's convictions have been reversed, declared invalid, expunged, or called into question, Mr. Lawrence's claims are barred by *Heck*. These are not defects that Mr. Lawrence could be cure by amendment. Accordingly, Mr. Lawrence's claims are frivolous, and the motion to proceed in forma pauperis should be denied.

At all times during the pendency of this action, Mr. Lawrence must immediately advise the Court of any change of address and its effective date.

---

[2] On May 14, 2015, the Montana Supreme Court granted Mr. Lawrence an extension of time to file his opening brief. He now must file his brief by June 22, 2015. (Montana Supreme Court Docket, DA 14-0720 origination court case number DC 12-127.)

Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

The Court issues the following:

**RECOMMENDATIONS**

1. Mr. Lawrence's Motion to Proceed in Forma Pauperis (Doc. 1) should be **DENIED** because Mr. Lawrence's Complaint (Doc. 2) is frivolous. The Court should also decline to give Mr. Lawrence an opportunity to pay the filing fee because he cannot cure the defects with his Complaint. The Complaint should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Lawrence may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 16th day of June, 2015.

                                      _/s/ John Johnston_
                                      John Johnston
                                      United States Magistrate Judge