IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH EDWARD LAWRENCE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | CV 15–41–H–DLC–JTJ<br><br>ORDER<br><br>FILED<br>NOV 18 2015<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations on June 16, 2015, recommending denying Petitioner Joseph E. Lawrence's ("Lawrence") motion to proceed in forma pauperis and dismissing his complaint, which was liberally construed as alleging a violation under 42 U.S.C. § 1983. Lawrence timely objected to the Findings and Recommendations, and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Since the parties are familiar with the facts of this case, they will only be repeated as necessary to explain the Court's

-1-

order. For the reasons explained below, the Court adopts Judge Johnston's Findings and Recommendations in full.

Lawrence is a pro se prisoner challenging his state court conviction and imprisonment. On May 7, 2015, Lawrence filed a complaint in this Court alleging that his imprisonment by the State of Montana is illegal and seeks various forms of relief, including immediate release from prison and monetary damages. In his complaint, Lawrence alleges that his underlying state court conviction is void because the judge who presided over his case also issued the information against him. Judge Johnston reviewed Lawrence's complaint and determined that it attempts to allege violations under 42 U.S.C. § 1983. Judge Johnston found that Lawrence's claims are frivolous because they were barred by the doctrine established in *Heck v. Humphrey*, 517 U.S. 477 (1994).

In his objections, Lawrence fails to clearly specify which part of Judge Johnston's Findings and Recommendations he objects to. However, upon careful review of Lawrence's objections, he appears to argue that dismissal of the complaint is inappropriate because he was not required to exhaust state administrative remedies before filing an action under § 1983.

Lawrence is correct that, in general, exhaustion of state administrative remedies is not a prerequisite to bringing a claim under § 1983. *Heck*, 512 U.S. at

480. However, Lawrence's claim is attempting to challenge his underlying criminal conviction and seeks damages for his alleged illegal imprisonment. As noted by Judge Johnston, *Heck* provides that:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 487. Additionally, this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, *Heck* makes clear that though Lawrence does not need to exhaust state administrative remedies before bringing his § 1983 claim, he must show that his state conviction has been reversed on direct appeal, declared invalid, or called into question. Further, any decision by this Court that rules in favor of Lawrence's claims would imply that his underlying state conviction is invalid. Because his

appeal to the Montana Supreme Court is still pending,[1] it is apparent that Lawrence's conviction and sentence have not been invalidated. Thus, Lawrence's complaint is, at this point, frivolous and must be dismissed. Lawrence must first take his arguments to the Montana Supreme Court before this Court can address them.

Additionally, Lawrence has filed a "Notice of Amendment to Complaint" (Doc. 10). In this document, Lawrence moves the Court to allow the amendment of his complaint to omit all references to § 1983 and asks the Court to only consider the violation of due process claims. However, as noted by Judge Johnston, amendment of Lawrence's complaint will not cure its defects. Even if Lawrence was allowed to remove any references to § 1983, the Court would then construe Lawrence's complaint as a petition for a writ of habeas corpus. In order to proceed in a habeas action, Lawrence is required to exhaust all remedies in state court before the petition could be granted. 28 U.S.C. § 2254(b). As noted above, because Lawrence has not exhausted his remedies in state court, allowing Lawrence to amend his complaint at this point would be futile.

---

[1] A review of the Montana Supreme Court Docket shows that Lawrence's appeal is still pending. On November 16, 2015, the Montana Supreme Court granted Lawrence an extension of time to file his opening brief. He must now file his brief by December June 22, 2015. (Montana Supreme Court Docket, DA 14-0720, Origination Court Case Number: DC 12-127)

There being no clear error in Judge Johnston's remaining Findings and Recommendations, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 6) are ADOPTED IN FULL.

(2) Lawrence's Motion to Proceed in Forma Pauperis (Doc. 1) is DENIED.

(3) Lawrence's Complaint (Doc. 2) is DISMISSED.

(4) All pending motions (Docs. 8, 9) are DENIED as moot.

(5) The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated this 18th day of November, 2015.

Dana L. Christensen, Chief Judge
United States District Court